UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIJUANA L. CANDERS,

               Plaintiff,

-against-

SATYA NADELLA, et al.,

               Defendants.

1:22-CV-10090 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On November 28, 2022, Plaintiff Tijuana L. Canders commenced this *pro se* action by filing her complaint, request to proceed *in forma paupers* ("IFP" or "IFP application"), and her consent to receive electronic service; at the time of filing, she did not request to file any of those submissions under seal.[1] One day later, on November 29, 2022, the Court granted Plaintiff leave to proceed IFP in this action.

Eight days after Plaintiff commenced this action, on December 6, 2022, she filed an amended complaint and a motion "to seal records."[2] Plaintiff does not specify which of the submissions filed in this action that she asks the Court to seal. Because Plaintiff filed her original complaint, IFP application, and her consent to receive electronic service days earlier, without requesting that those submissions be sealed and, thus, they have been publicly available since filing, and because Plaintiff filed her motion to seal on the same date as her amended complaint,

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer to the name of a minor child must do so by using only the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Plaintiff, in her IFP application, appears to reveal the full name of a minor child. Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to that submission to a "case participant-only" basis.

[2] While Plaintiff's motion has been pending, the Clerk of Court has restricted electronic access to Plaintiff's amended complaint to a "case participant-only" basis.

the Court construes Plaintiff's motion to seal as requesting that the amended complaint be sealed. For the reasons set forth below, however, the Court denies Plaintiff's motion.

## DISCUSSION

The Court understands Plaintiff's motion as requesting that Plaintiff's amended complaint be sealed. Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such

countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

Plaintiff's amended complaint is a "judicial document," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access").

Plaintiff provides no arguments in her motion as to why the Court should seal the amended complaint. In addition, the contents of the amended complaint are not sufficiently extraordinary to outweigh the presumption in favor of public access to them; Plaintiff appears to assert claims of copyright infringement on her own behalf and/or on behalf of publishing companies arising from the defendants' allegedly unauthorized use of copyrighted materials that Plaintiff and/or the publishing companies allegedly own. The Court therefore denies Plaintiff's motion to seal the amended complaint.

## CONCLUSION

The Court denies Plaintiff's motion "to seal records" (ECF 5), which the Court construes as a motion to seal the amended complaint. The Court directs the Clerk of Court to make the amended complaint (ECF 6) publicly available on the Court's electronic docket of this action.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] Electronic access to Plaintiff's IFP application will remain restricted to a "case participant-only" basis.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 19, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge