UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIJUANA L. CANDERS,

              Plaintiff,

-against-

ROBBIN CAPELLAN; TERA CARISSA HODGES; JeLENNY VASQUEZ,

             Defendants.

1:22-CV-10090 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Tijuana L. Canders, of New York, New York, who is appearing *pro se*, filed this action invoking the Court's federal question jurisdiction. In her second amended complaint (ECF 12), which is the operative pleading for this action, Plaintiff asserts that the federal constitutional or federal statutory bases for her claims are "copyright violations[,] social abuse[,] [and] spiritual abuse." (*Id.* at 2.) She seeks damages and asks that criminal charges be brought against the defendants. Plaintiff sues: (1) Robbin Capellan, whom Plaintiff alleges is a producer and musician, and who may reside in Yonkers, New York; (2) Tera Carissa Hodges, whose job title Plaintiff describes as "publicity," and who may also reside in Yonkers, New York; and (3) JeLenny Vasquez, whom Plaintiff alleges is a "P.H.D. Holder" and, like the other defendants, may reside in Yonkers, New York. (*Id.* at 4.) The Court construes Plaintiff's second amended complaint as asserting claims of copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, claims of trademark infringement under the Federal Trademark Act of 1946, 15 U.S.C. §1051, *et seq.* (the "Lanham Act"), as well as claims under state law.

      By order dated November 29, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the

Court dismisses this action, but grants Plaintiff leave to replead her claims of copyright infringement and trademark infringement in a third amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555.) After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that the events cited in her complaint occurred between March 2020, and the present, in "New York, Connecticut, New Jersey, [and] Georgia ([e]lectronics, computers)." (ECF 12, at 5.) She also alleges that the defendants "are violators for copyright infringement concerning [her] children['s] literature book, []*We See Differently*[]." (*Id.*) Plaintiff further alleges that "[t]his particular violation includes all ["]You Are Loved in Christ["] trademarks, podcasts and radio platforms." (*Id.* at 5-6.) She additionally alleges that "[t]he Excel files for illegal entry of emails, illegal publishing, marketing and soliciting without consent from the owner, publisher, and author[,] [Plaintiff][,] will be made available upon request." (*Id.* at 7.)

Plaintiff asserts that the defendants have caused her "mental abuse[,] emotional abuse[,] [and] physical abuse." (*Id.* at 6.) She asks the Court for criminal charges to be brought against the defendants, and that they be "fine[d] . . . 80 million dollars for restitution and damages." (*Id.*) Plaintiff has attached documents to her second amended complaint that appear to show that she owns the copyright for a text known as *We See Differently*, and that she owns a "You Are Loved in Christ" trademark. (*Id.* at 9-10.)

## DISCUSSION

**A.    Criminal Charges**

To the extent that Plaintiff seeks the criminal investigation and prosecution of the defendants, such claims must be dismissed. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to

initiate a criminal proceeding against any defendant because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of any of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.") (internal quotation marks and citation omitted).

**B.    Copyright infringement**

Plaintiff's second amended complaint does not allege facts sufficient to state a claim of copyright infringement with respect to *We See Differently*. "To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted). While it appears that Plaintiff claims to own the copyright for *We See Differently*, she does not specify how any of the defendants infringed on that copyright; she only alleges that "Excel files for illegal entry of emails, illegal publishing, marketing and soliciting without consent from [her] . . . will be made available upon request." (ECF 12, at 7.) The Court therefore dismisses Plaintiff's claims of copyright infringement for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff 30 days' leave to replead her claims of copyright infringement in a third amended complaint in which she specifies how each of the defendants named in her third amended complaint infringed on her copyright for *We See Differently*.

4

C. **Trademark infringement**

Plaintiff's second amended complaint also does not allege facts sufficient to state a claim of trademark infringement. Under the Lanham Act:

> [a]ny person who shall, without the consent of the [trademark] registrant –
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided. . . .

15 U.S.C. § 1114(a). To state a claim under this statute, "a plaintiff 'must allege sufficient facts to establish: (1) that the plaintiff's mark is entitled to protection, and (2) that the defendant's use of [the] mark is likely to cause consumers confusion as to the origin or sponsorship of [its] goods [or services]." *Adidas Am., Inc. v. Thom Brown Inc.*, 599 F.Supp.3d 151, 158 (S.D.N.Y. 2022) (citation omitted, second alteration in original). "A certificate of registration with the [United States Patent and Trademark Office] is prima facie evidence that the mark is registered and valid (*i.e.,* protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce." *Lane Capital Mgmt. Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) (citing 15 U.S.C. § 1115(a)).

While it appears that Plaintiff claims to own the trademark "You Are Loved in Christ," she alleges no facts showing how any of the defendants infringed on that trademark, specifically, how any of the defendants used that trademark such that he/she caused, or will likely cause,

5

consumers confusion with regard to the trademark's origin. The Court therefore dismisses Plaintiff's claims of trademark infringement for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead her claims of trademark infringement in a third amended complaint in which she allege facts sufficient to state a claim that each of the defendants named in her third amended complaint infringed on her "You Are Loved in Christ" trademark.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims in which she seeks the criminal investigation and prosecution of the defendants for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court dismisses Plaintiff's claims of copyright infringement and trademark infringement for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court, however, grants Plaintiff 30 days' leave to replead her claims of copyright infringement and trademark infringement in a third amended complaint, as specified above. If Plaintiff fails to file a third amended complaint within the time allowed, or fails to show good cause to excuse such failure, the Court will enter judgment dismissing this action. The judgment will: (1) dismiss Plaintiff's claims in which she seeks the criminal investigation and prosecution of the defendants for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); (2) dismiss Plaintiff's claims of copyright infringement and trademark infringement for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii); and (3) decline to consider, under the Court's supplemental jurisdiction, any of Plaintiff's claims that she asserts under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 26, 2023
          New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge