UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIJUANA L. CANDERS,

           Plaintiff,

-against-

ROBBIN CAPELLAN, et al.,

           Defendants.

1:22-CV-10090 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on January 26, 2023, the Court dismissed this action but granted Plaintiff, who proceeds *pro se*, 30 days' leave to replead her claims of copyright infringement and trademark infringement in a third amended complaint. (ECF 13.) Because the Court granted Plaintiff leave to replead, it did not enter judgment terminating this action. On the same date that that order was dated and entered, January 26, 2023, Plaintiff filed a notice of appeal, a motion for an extension to time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP.[1] (ECF 14 & 15.) The Court construes Plaintiff's notice of appeal as an attempt to file an interlocutory appeal of the Court's January 26, 2023, order. For the reasons discussed below, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal, her motion for leave to proceed IFP on appeal, and her application to appeal IFP.

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer to the name of a minor child must do so by using only the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Plaintiff, in her application to appeal IFP (ECF 15), reveals the full name of a minor child. Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to that submission to a "case participant-only" basis.

## DISCUSSION

**A.    Motion for an extension of time to file a notice of appeal**

Because the Court, in its January 26, 2023, order of dismissal, granted Plaintiff leave to replead in a third amended complaint and did not enter judgment terminating this action, the Court's January 26, 2023, order is not final. *See, e.g.*, *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006). Thus, any appeal from that order is interlocutory. *See* 28 U.S.C. § 1292; *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529-30 (1988). The Court of Appeals may authorize an interlocutory appeal from an order not otherwise appealable in such a manner if an application for such an appeal is made within 10 days after entry of that order. *See* § 1292(b). The Court understands Plaintiff's notice of appeal to be an application to file an interlocutory appeal of the Court's January 26, 2023, order. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F. 3d 94, 97 (2d Cir. 2017) (construing a notice of appeal filed in the district court within the 10-day period to file an application for an interlocutory appeal to be a timely filed application to file an interlocutory appeal).

The Court's January 26, 2023, order was entered on the same date that it was issued, on January 26, 2023. On that same date, Plaintiff filed her notice of appeal, motion for an extension of time to file a notice of appeal, motion for leave to proceed IFP on appeal, and her application to appeal IFP. (ECF 14 & 15.) Thus, Plaintiff's notice of appeal, to the extent that it can be construed as an application to file an interlocutory appeal, is timely. Accordingly, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary.

**B.    IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its January 26, 2023, order, the Court certified under Section 1915(a)(3) "that any appeal from [that] order would not be taken in good

faith" (ECF 13, at 7), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's January 26, 2023, order would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal, and her application to appeal IFP, as moot.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF 14) as unnecessary. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal, and her application to appeal IFP, as moot. (ECF 15.)

SO ORDERED.

Dated:   February 24, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge